IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN RYAN COWAN, | Cause No. CV 26-46-M-DWM |
| Petitioner, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Shawn Ryan Cowan ("Cowan"), a federal pretrial detainee, has filed a *pro se* petition for habeas corpus relief and brief in support. (Docs. 1 & 2.) Cowan is currently incarcerated at the Missoula County Detention Center.

On January 8, 2026, an Indictment was handed down charging Cowan with being a Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §922(g)(1). *See United States v. Cowan,* Cause No. CR 26-02-M-DWM. Cowan is represented by Peter Landsiedel in his criminal proceedings. Cowan, through counsel, moved to dismiss the Indictment. On March 11, 2026, a hearing was held on Cowan's motion to dismiss. A subsequent order was entered denying Cowan's motion to dismiss; the basis for the denial was explained in detail. *See United States v. Cowan,* Cause No. CR 26-02-M-DWM, Ord. (Doc. 25)

1

(D. Mont. March 11, 2026). That matter is scheduled for a jury trial on April 13, 2026.

In his request for habeas relief, Cowan cites to the First Amendment and asserts he should not be considered a prohibited person for purposes of 18 U.S.C. §922(g)(1), because he has been a victim of discriminatory practices within the state court system. (Doc. 1 at 1-2.) He suggests that fraud has occurred and that he has never been "adjudicated by a competent court of justice." (*Id.* at 1.) Accordingly, Cowan asks that the Indictment be dismissed and that a class action investigation, pursuant to *White v. Martz* be opened.[1] He asserts that a declaratory judgment finding that his rights were violated is appropriate in the present matter. (*Id.* at 2.)

In his brief in support, Cowan outlines state criminal matters in which he was convicted, dating back to 1992. *See,* (Doc. 2 at 1-5, 9-10.) Cowan also refers to a Ravalli County marital dissolution/parental rights matter to which he was a party. (*Id.* at 10- 14.) The culmination and interplay of all of these underlying state matters, according to Cowan, led to his pending federal criminal charges. (*Id.* at 14-22.) Notably, Cowan does not reference either 28 U.S.C. §§ 2255 or 2241 in

---

[1] *White et al. v. Martz et al.*, DV 02-133, was a state class action lawsuit brought by the American Civil Liberties Union of Montana challenging Montana's county-based, indigent defense system. The settlement in that matter ultimately led to the 2005 passage of the Montana Public Defender Act, which established a centralized, state-funded defender system in July of 2006.

2

support of his request for habeas relief.

In relevant part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). As Cowan acknowledges, he has not yet been convicted or sentenced in his federal case. Because he is not challenging a conviction or sentence via postconviction, § 2255 is inapplicable. *See, United States v. Crowell*, 374 F. 3d 790, 795 (9th Cir. 2004)("In providing for relief pursuant to § 2255, Congress has provided a near-comprehensive scheme for *post-conviction* collateral relief for those in custody." (emphasis added)).

28 U.S.C. §2241, however, "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White v. Lambert*, 370 F. 3d 1002, 1006 (2004)). Section 2241 provides the authority for granting habeas relief to a person who is not in custody pursuant to a judgment but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. Section 2241 allows Cowan to petition for a writ of habeas corpus if "he is in

custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Cowan's petition does not adequately allege such circumstances. In his federal criminal case, Cowan is represented by counsel. While Cowan does not assert an ineffective assistance claim against counsel, he generally disagrees with the detention order that was entered and with the charge against him as outlined in the Indictment. Cowan's disagreement with his detention in the federal criminal matter, however, does not convert his present custody into illegal custody.

Cowan moved for a detention hearing in his criminal case. On January 27, 2026, Magistrate Judge DeSoto, held a hearing and ultimately determined that there was no clear and convincing evidence establishing a condition or combination of conditions that would reasonably assure community safety if Cowan were to be released. Accordingly, he was ordered to be detained during the criminal proceedings. *See, United States v. Cowan*, Cause No. CR 26-02-M-DWM, Ord. (filed Jan. 27, 2026). As set forth above, Cowan's motion to dismiss the Indictment was recently denied following a motion hearing. With regard to both the ruling ordering detention and the order denying dismissal of the indictment, a motion for habeas corpus relief is not a proper method for attempting to pursue an interlocutory appeal in the criminal case.

Finally, Cowan has filed the habeas petition *pro se* despite the fact that he is

currently represented in his criminal matter. A defendant has the right to represent himself in a criminal trial and he has the right to assistance of counsel. *Faretta v. California*, 422 U.S. 806, 819 (1975); *Powell v. Alabama*, 287 U.S. 45, 66 (1932). However, "[a] criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." *United States v. Bergman*, 813 F. 2d 1027, 1030 (9th Cir. 1987). The Court may allow a defendant to proceed under such hybrid representation, but that decision rests "within the sound discretion" of the Court. *Id*. Cowan has not asked to represent himself nor has he requested hybrid representation. Accordingly, this motion will be dismissed without prejudice. Cowan is directed to consult with counsel prior to filing any subsequent federal *pro se* motions.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v.*

5

*McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Cowan attempts to advance are not properly before this Court. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Accordingly, IT IS ORDERED:

1. Cowan's petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to provide a copy of this Order to Peter Landsiedel, Cowan's counsel of record in *United States v. Cowan*, Cause No. CR-26-02-M-DWM.

3. A certificate of appealability is DENIED.

DATED this 12ᵗᵈ day of March, 2026.

14:19 P.M.

Donald W. Molloy
United States District Court Judge

6